[Crim. No. 3838. In Bank.—March 29, 1935.]

In the Matter of the Application of CHARLES H. JOHNSTON et al. for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker and A. H. Van Cott, Deputies District Attorney, for Respondent.

McGee & Robnett, Robert L. Collins, Paul Friedman and Erwin P. Werner for Petitioners.

THOMPSON, J.—A petition for hearing by this court was granted after decision by the District Court of Appeal, pursuant to which the petitioners were discharged in a *habeas corpus* proceeding after conviction in the superior court and while an appeal was pending in the District Court of Appeal.

The following statement of facts is taken from the opinion of the District Court of Appeal [36 Pac. (2d) 225]: "By an amended indictment filed in the superior court of Los Angeles county, petitioners were charged in several counts with having committed certain specified acts, to-wit, selling certain corporate stock in nonconformity with the Corporate Securities Act of this state. By another count it was alleged that they combined, confederated and conspired to violate the same provisions of said act, and that

in furtherance of such conspiracy certain overt acts therein enumerated were committed, which overt acts were identical with and mere repetition of the crimes charged in the preceding counts. On a trial before a jury verdict(s) were returned finding petitioners guilty of the charge last mentioned and not guilty of the offenses alleged in all other counts. From the judgments entered upon the verdict of conviction they appealed. A petition for a writ of *habeas corpus* was thereafter filed and is now before this court, praying that petitioners be discharged from custody for the reason, among others, that said acquittals constitute a finding that none of the overt acts alleged in the count of the information charging conspiracy were committed and hence in legal effect result in an acquittal of the crime charged in that count.''

It is asserted by the respondent that because petitioners had appealed from the judgment of conviction the District Court of Appeal was without jurisdiction to consider the petition for the writ of *habeas corpus* and the case of *France* v. *Superior Court,* 201 Cal. 122 [255 Pac. 815, 52 A. L. R. 869], is cited in support thereof. It is to be noted that the effect of the cited case is, that after an appeal from a judgment of conviction, the superior court is without authority during the pendency of the appeal to discharge the appellant in a *habeas corpus* proceeding for any defect or infirmity existing in the proceedings which could be reviewed by the appellate court on appeal. It is to be further noted that section 1506 of the Penal Code was adopted subsequent to the decision of the case mentioned and provides for an appeal to the District Court of Appeal, or in capital cases to the Supreme Court, from an order discharging a defendant after his conviction in a case prosecuted by indictment or information, and the section also provides that a hearing may be granted in this court after a determination by the District Court of Appeal. From which it is manifest that the District Court of Appeal had jurisdiction to entertain the petition for the writ of *habeas corpus* and that we have jurisdiction by reason of granting a petition for hearing in this court.

We may therefore pass to the principal question involved. It may be phrased in these words: do the acquittals on the thirteen counts charging the defendants with

the specific crimes of violating the Corporate Securities Act amount to special findings that the defendants did not commit the overt acts alleged in the count charging conspiracy? If this question be answered in the affirmative it must follow, by reason of the specific controlling the general, that the court was without jurisdiction to pronounce a judgment of conviction on that count. Practically the identical situation was before the District Court of Appeal in *Oliver* v. *Superior Court,* 92 Cal. App. 94 [267 Pac. 764], and it was there said: "It is important to note the fact conceded by respondent, that the only overt acts alleged in count 34 are the specific crimes charged in the other counts; the sole overt acts averred were 'larceny and embezzlement'. The situation is clearly different from that which would have been presented had the conspiracy charge contained allegations of a number of overt acts which, taken together, would constitute grand larceny or embezzlement. Had the indictment been so drafted it could not be said that an acquittal of grand larceny or embezzlement would necessarily have been a determination that no criminal conspiracy pertaining to the same transactions had occurred. But here the conclusion cannot be escaped that since each crime, considered and described collectively as a single entity, is alleged to be an overt act, and as the jury fully acquitted these petitioners of each overt act thus alleged, the portion of the count charging conspiracy remaining unadjudicated is insufficient to constitute criminal conspiracy. Moreover, considering the record here presented, by finding that none of the overt acts charged as parts of the conspiracy were committed, the jury, in effect, acquitted the petitioners of the offense of conspiracy. This must be so, since one of the overt acts charged must be proved to permit of conviction of conspiracy under section 1104 of the Penal Code."

We are in accord with the reasoning of the Oliver case and, to show how closely the cases follow each other, we direct attention to the fact that the petitioners here were charged in count 1 with the commission of "an overt act done in furtherance of the conspiracy and to carry out the same" in that they "did wilfully, unlawfully, feloniously and knowingly, on or about the ninth day of August, 1930, issue and sell and cause to be issued and sold shares of

capital stock". This language follows the exact language of the remaining counts charging the specific crime of violation of the Corporate Securities Act. Hence it cannot be said that an element is contained in the overt act which is not also contained in the specific charge, nor *vice versa*. They are to all intents and purposes identical.

But the respondent calls to our attention the last provision of section 954 of the Penal Code, enacted in 1927 and prior to the decision of *Oliver* v. *Superior Court, supra*. After providing that an indictment or complaint may charge two or more different offenses connected together in their commission or different statements of the offenses or two or more offenses of the same class, the section concludes "a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count". The section was manifestly adopted for the purpose of enabling the prosecutor to designate or name the offenses by two or more names or designations and of making it impossible for the defendant to escape by reason of an error in designation of the crime. The proviso was written into the section for the purpose of declaring the law that a verdict apparently inconsistent shall afford no basis for a reversal where the evidence is sufficient to support the conclusion that the defendant is guilty of the offense of which he stands convicted. But we cannot construe it to mean that an indictment or information charging conspiracy is sufficient without the allegation of an overt act, nor that such an indictment or information furnishes the basis for a judgment of conviction when the defendant has in fact been acquitted of every overt act alleged. This conclusion is corroborated to a degree by the case of *People* v. *Koehn,* 207 Cal. 605 [279 Pac. 646], wherein it was held, where two counts were inconsistent, not as a matter of pleading but as a matter of evidence, that the defendant, though found guilty of both, must be held to be acquitted on one of the two counts. The pertinent part of that opinion reads as follows: "Returning to the question of whether a conviction on both counts of the information may be sustained, we are of the view that the two conclusions are inconsistent with each other and cannot be reconciled by the application of any rule by which the purposes of a rational mind may be determined."

It follows that the petitioners should be and they are discharged from custody.

Curtis, J., Preston, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.