[Crim. No. 4330. Second Dist., Div. Two. Oct. 17, 1949.]

THE PEOPLE, Appellant, v. JOSEPH ANTHONY BEL-
TRAN et al., Defendants; JESUS DEANDA MORENO,
Respondent.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

Ellery E. Cuff, Public Defender, and Richard F. Bird, Deputy Public Defender, for Respondent.

WILSON, J.—This is an appeal by the People from an order granting a new trial to defendant Jesus Deanda Moreno. Defendant is purportedly appealing from that portion of the order granting him a new trial ''in so far as said order denies him a new trial upon the issues raised by his pleas of not guilty.''

Defendants were charged in counts I and II of the information with robbery and in count III with kidnaping for the purpose of robbery. Each defendant pleaded not guilty to all counts and their joint trial before a jury resulted in verdicts finding defendants Beltran and Louis Moreno guilty on all three counts. As to defendant Jesus Deanda Moreno the jury disagreed on counts I and II (robbery) and found him not guilty on count III (kidnaping for the purpose of robbery). The cause as to respondent Jesus Deanda Moreno was reset for trial on counts I and II, whereupon he entered the additional pleas of former acquittal and once in jeopardy. It was stipulated that these pleas raised no issues of facts but questions of law only for determination by the court. Both pleas were overruled and the cause went to trial by a jury before the Honorable Ranse R. Sischo. Respondent was found guilty on both counts. A motion for new trial was made upon all the grounds provided in section 1181 of the Penal Code. Judge Sischo having returned to his own county the motion was heard by the Honorable Paul Nourse.

Upon the hearing of the motion respondent stated there were four grounds upon which he was entitled to a new trial: (1) that the question of respondent's knowledge necessary to make him an abettor was res judicata and it was error to re-litigate it at the second trial, this being the point presented by his pleas of former acquittal and once in jeopardy which had been discussed with Judge Sischo in chambers prior to their being overruled; (2) errors in instructions given to the jury; (3) misconduct of the district attorney in his argument to the jury; (4) errors of the court in its rulings on objections to questions asked by the district attorney on cross-examination of defendant's character witnesses.

In granting the motion for a new trial Judge Nourse made it clear that the motion was granted upon only one ground, stating: "Motion for new trial will be granted solely upon the ground that the court erred in holding that the judgment of acquittal of kidnaping in the first trial under this information did not bar the People from presenting evidence upon the issue as to this defendant's participation in those crimes. I am granting the motion on that sole ground. I am not reviewing the other grounds assigned by the defendant, and am not reviewing the evidence. I am granting this motion on the sole ground stated."

Respondent contends that he is not appealing from the order granting him a new trial but because of the fact that the trial court did not consider all the grounds set forth in his motion for new trial he has "filed a cross-appeal from that portion of the order wherein it might be construed as a denial of a new trial as to some issues." ██ Section 1237 of the Penal Code sets forth those cases in which an appeal may be taken by the defendant. He cannot appeal from an order granting a motion for a new trial and his purported appeal from a portion thereof is unauthorized and therefore will be dismissed.

The evidence and the instructions to the jury in the first trial have by stipulation been made a part of the record on appeal. The undisputed evidence is that defendants Beltran and Louis Moreno entered a liquor store on East Foothill Boulevard about 4:30 in the afternoon; both were armed; they held up the proprietors, the accountant and a customer in the store and ordered them into the back room, a distance of about 25 feet; they took the money that was in the cash register and money from a secret hiding place which they

intimidated one of the victims into revealing, one of whom was robbed of his wallet. While these two defendants were engaged in robbing the store respondent Jesus Deanda Moreno was in or near an automobile parked at the curb across the side street opposite the rear of the store. After the robbery Beltran and Louis Moreno left the store by the front door, proceeded around the southeast corner of the building, crossed the street to the car and were driven away by respondent. They left respondent's car when he made a boulevard stop almost a mile and a half from the liquor store and were shortly afterwards arrested in another car. Respondent was apprehended after he had proceeded a few blocks.

Respondent testified and denied all knowledge of the criminal intent of the other two defendants to rob the store. His story was supported by the testimony of his brother, Louis Moreno and that of Beltran. There is, however, other substantial evidence upon which a conclusion could be reached that respondent did have knowledge which would make him an abettor.

### *Res Judicata as Applied to Criminal Cases*

Respondent does not contend that the evidence does not support the verdict but maintains that the question of his guilty knowledge was determined by the jury at the first trial when it acquitted him of the charge of kidnaping and that the verdict was res judicata of that issue; that evidence as to this knowledge was improperly introduced by the prosecution at the second trial and without that evidence he could not have been convicted.

Appellant asserts that the question is governed by section 954 of the Penal Code as amended in 1927 and that each count which charges a separate and distinct offense must stand upon its own merits and disposition of one count has no bearing upon the verdict with respect to other counts contained in the information or indictment, citing *People* v. *Ranney,* 123 Cal.App. 403 [11 P.2d 405].

That section provides that ''a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count.'' However, although under this section each count stands on its own merits, if a defendant is acquitted on one and convicted on the other and the verdicts are irreconcilable, the latter verdict is void. (*People* v. *Novo,* 12 Cal.App.2d 525, 527 [55 P.2d 915]; *In re Johnston,* 3 Cal. 2d 32, 36 [43 P.2d 541].)

 Unquestionably the crime of kidnaping is distinctly separate from that of robbery and proof of the former calls for other evidence than that necessary to prove the latter (*People* v. *Bruno*, 140 Cal.App. 460, 462 [35 P.2d 391] and cases cited) and a verdict of acquittal of the former would not be irreconcilable with a verdict of conviction of the latter. But conceding that the acquittal of kidnaping on count III is not an acquittal of any other count, and that each count which charges a separate and distinct offense must stand on its own merits, there is still the question whether upon trial for the separate offense any matter of law or fact which has necessarily been determined upon a prior trial between the same parties is res judicata. In other words, does the doctrine of res judicata apply in criminal cases as well as in civil?

The doctrine has been applied in California in criminal cases under different circumstances. In *People* v. *Majado*, 22 Cal. App.2d 323 [70 P.2d 1015], the defendant was prosecuted for failing to provide for a minor child, the offense having been committed after he had served a sentence for a previous failure to provide for the same child. His proffered defense that the child was not his was held res judicata, the court stating that there could have been no prior conviction in the absence of a judicial determination that the defendant was the father of the child. In *Oliver* v. *Superior Court*, 92 Cal. App. 94 [267 P. 764], the indictment contained 33 counts accusing the defendants of grand larceny and embezzlement and one of conspiracy. It was alleged that in furtherance of the conspiracy the defendants committed certain overt acts which were delineated as the same offenses as those charged in the first 33 counts. The jury acquitted some of the defendants of grand larceny and embezzlement but failed to agree on the conspiracy charge. These defendants brought proceedings in prohibition to prevent the superior court from retrying them for conspiracy upon the ground the subject matter of that count was res judicata. The court held that since the sole overt acts averred were larceny and embezzlement of which the petitioners had been acquitted, the remaining portion of the count charging conspiracy was insufficient to constitute criminal conspiracy and by finding that one of the overt acts charged as parts of the conspiracy had been committed the jury in effect acquitted the petitioners of the offense of conspiracy. (See, also, *In re Johnston*, 3 Cal.2d 32 [43 P.2d 541].)

In *Frank* v. *Mangum*, 237 U.S. 309 [35 S.Ct. 582, 59 L.Ed. 969], the court stated that the fundamental principle that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties is as applicable to the decisions of criminal courts as to those of civil jurisdictions.

In *United States* v. *Oppenheimer*, 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516], the defendant was indicted for a conspiracy to conceal assets from a trustee in bankruptcy. The defendant in a so-called motion to quash, which was in substance a plea in bar, pleaded that upon a former indictment for the same offense there had been an adjudication that it was barred by the statute of limitations. The prosecution contended that the doctrine of res judicata did not exist in criminal cases except in the modified form of the Fifth Amendment and that a decision upon a plea in bar could not prevent a second trial when the defendant had never been in jeopardy. The court quoted with approval from the case of *Reg.* v. *Miles*, L.R. 24 Q.B. Div. 423, 431 holding that where a criminal charge has been adjudicated upon by a court having jurisdiction, the determination is final as to the matter so adjudicated upon and may be pleaded in bar to any subsequent prosecution for the same offense and in this respect the criminal law is in unison with that which prevails in civil proceedings. The court concluded by stating: "The safeguard provided by the Constitution against the gravest abuses has tended to give the impression that when it did not apply in terms, there was no other principle that could. But the 5th Amendment was not intended to do away with what in the civil law is a fundamental principle of justice . . ."

In *United States* v. *DeAngelo*, 138 F.2d 466, the defendant and two others were jointly indicted for having robbed two bank messengers. At the same time they were indicted by separate bill for having conspired to commit the robbery of which they were accused in the first mentioned indictment. Defendant was acquitted of the robbery and upon trial on the conspiracy indictment he proposed to prove the former verdict of acquittal and that the material issues at the robbery trial as to his alleged presence at and participation in the robbery were the same issues as certain of the allegations and offers of proof at the second trial. This the trial court refused him the right to do. Upon appeal the court stated that the question presented was whether the government was es-

topped from relitigating in a criminal trial facts theretofore materially in issue at a former trial between the same parties for a different criminal offense which resulted in a verdict of acquittal. The court quoted from *Frank* v. *Mangum, supra,* and *United States* v. *Oppenheimer, supra,* and stated: "The conclusiveness of a fact which has been completely adjudicated by a criminal trial is not confined to such matter only as is sufficient to support a plea of double jeopardy. Even though there has been no former acquittal of the particular offense on trial, a prior judgment of acquittal on related matters has been said to be conclusive as to all that the judgment determined." The court further stated that "an accused is constitutionally entitled to a trial de novo of the facts alleged and offered in support of each offense charged against him and to a jury's independent finding with respect thereto" but he has the further right under a recognized "rule of evidence" to claim finality with respect to facts determined in his favor upon a previous trial. (See, also, *Sealfon* v. *United States,* 332 U.S. 575, 578 [68 S.Ct. 237, 92 L.Ed. 180, 184] and annotation; *United States* v. *Meyerson,* 24 F.2d 855, 856-57; *Harris* v. *State,* 193 Ga. 109 [17 S.E.2d 573]; 147 A.L.R. 980 and annotation, p. 991.)

■ Thus whether a defendant is tried on two separate. indictments or upon two counts of one indictment each count being considered as a separate and distinct offense, the doctrine of res judicata applies as to any matters in issue which the verdict determined. Whether the doctrine applies in the instant case then depends upon whether the acquittal of defendant of the kidnaping charge, which necessarily determined the issue of his knowledge as to that crime, since he could be guilty only as an aider and abettor, was a determination that he did not have knowledge which would make him an aider and abettor in the crime of robbery, both crimes having arisen out of the same transaction.

■ It is said in *People* v. *King,* 30 Cal.App.2d 185, 203 [85 P.2d 928] : "In this state those persons who aid and abet in the commission of a criminal offense, though not being present, are liable for all the natural and probable consequences incident to the commission of the act which they have counseled or advised. As at common law, the nature of the crime actually committed, and not the act contemplated, fixes and determines the liability and character of guilt not only of him who committed the act, but of those who counseled him to proceed." But he would be guilty only to the extent

(1) of his knowledge or (2) of the natural and reasonable consequences of the acts which he aided or encouraged. (*People* v. *Bond,* 13 Cal.App. 175, 185 [109 P. 150] ; *People* v. *Le-Grant,* 76 Cal.App.2d 148, 153 [172 P.2d 554].) ▆ Whether the act committed was the natural and probable consequence and the extent of the defendant's knowledge are questions of fact for the jury. (*People* v. *King, supra,* p. 202; *People* v. *Kauffman,* 152 Cal. 331, 335 [92 P. 861].)

▆ The instructions under which a verdict was rendered may be looked to for such light as they shed on the issue determined by the verdict. (*Sealfon* v. *United States,* 332 U.S. 575, 579 [68 S.Ct. 237, 92 L.Ed. 180, 184].) The only instructions given by the court at the first trial concerning "aiding and abetting" were general instructions* which the court followed by saying: ". . . in determining whether or not the defendant, and this applies to Jesus Deanda Moreno, had knowledge that a crime was to be committed and of the crime before it occurred, you must not only consider, but you should consider all the evidence as to what occurred before and what occurred afterwards. You have to consider all the evidence as to what his knowledge was at the time he went there, and at the time of the commission of the crime."

The jury was further instructed that each count set forth in the information charged a separate and distinct offense; that it must consider the evidence applicable to each alleged offense as though it were the only accusation before it for consideration; that it must state its finding as to each count in a separate verdict, uninfluenced by the mere fact that its verdict as to any other count or counts is in favor of, or against the defendant.

---

*"All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense, or who knowingly and with criminal intent, aid and abet in its commission, or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof.

"One who does not actively commit the offense, but who aids, promotes, or encourages its commission either by act or counsel or both, is not deemed by law to be guilty, and shall not be found guilty of the crime unless he did what he did knowingly and with criminal intent. To abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting, or aiding the commission of such criminal offense.

"The word 'aid' does not imply guilty knowledge or felonious intent, whereas the definition of the word 'abet' includes knowledge of the wrongful purpose of the perpetrator, and counsel and encouragement of the crime."

Nowhere was the jury told that an aider and abettor would be guilty only to the extent of his knowledge or of the natural and reasonable consequences of the acts aided and encouraged by him. There is nothing in the record from which it can be said that by the verdict of acquittal of the kidnaping charge the jury found that respondent had no knowledge of the plan to commit robbery. Indeed, they were unable to agree on the question of his guilt on that charge although by its verdict the jury found he had no knowledge of the kidnaping or of the intent to kidnap until after the crime had been committed. There is likewise nothing in the record to indicate that the jury found as a matter of fact that the kidnaping was the ordinary and probable effect of the common design. Therefore it cannot be assumed that lack of knowledge of the one crime would perforce be (1) a lack of knowledge of the other or (2) a lack of knowledge that the other defendants entered the store with the intent to commit any crime at all. Consequently the verdict of not guilty of the crime of kidnaping is not res judicata of the issue of respondent's knowledge with respect to the crime of robbery.

By his pleas of once in jeopardy and former acquittal, respondent sought to raise the defense of res judicata. Since the two crimes with which he was charged are separate and distinct offenses he was not placed in double jeopardy.

While the doctrine of res judicata is necessarily included in the plea of once in jeopardy, that doctrine may also be applicable where a plea of once in jeopardy is not available. (*United States* v.*Oppenheimer*, 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161, 3 L.R.A. 516].) Respondent should have raised the point by proper and timely objection to the introduction of the evidence. However, it is evident from the record and from the briefs of counsel that the question of res judicata was discussed at length with the court in chambers prior to its ruling on the pleas. It is also apparent that counsel for respondent was of the opinion that since the court had ruled adversely on the question of his right to present those defenses, any objections to the evidence upon the ground that the issue to which it related was res judicata would not be sustained. Furthermore, the trial court granted the motion for new trial upon the ground that the trial judge had erred in ruling that res judicata was not applicable and not upon the ground that the error consisted in ruling against respondent on his pleas of once in jeopardy and former acquittal. For these reasons

we have determined the question of the applicability of the doctrine of res judicata although by so doing we do not approve the manner in which the point was raised.

The trial court has attempted to restrict the granting of the motion for new trial to one ground only. There is no provision in the Penal Code authorizing or empowering the court to limit the ground upon which such motion is granted and thereby to deprive a defendant of his right to have a determination of the other grounds raised by him. Respondent is entitled to a decision on the points which were not considered by the court.

### Alleged Error in Instructions Given to the Jury

Respondent contends that (1) the verdicts finding that he was armed at the time of his arrest were contrary to the evidence and (2) the instruction which led to the verdicts was erroneous.

(1) Conceding that the evidence does not support a finding that respondent was armed at the time of his arrest he was not deprived of any substantial rights and will suffer no disadvantage from the verdicts. His codefendants were armed at the time of the robbery and respondent as an aider and abettor was found guilty of first degree robbery, the punishment for which is not less than five years in the state prison. (Pen. Code, § 213.) The minimum sentence for a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of the offense or with a concealed deadly weapon at the time of his arrest is five years. (Pen. Code, § 3024(a).) Respondent will suffer no additional penalty because the jury also brought in a verdict that he was armed at the time of his arrest.

(2) The instruction complained of* refers to the possession of a deadly weapon by one of two or more persons participating in the commission of a crime and is a correct statement of the law. It contains no reference to the possession of a deadly weapon at the time of arrest.

### Misconduct of the District Attorney

Respondent contends that the district attorney committed misconduct by making an improper argument to the

---

*"When two or more persons participate in committing the crime of robbery, if one of them has in his possession a dangerous or deadly weapon while engaged in the robbery, such possession constitutes a possession of the weapon by each of the others."

jury and that the court erred in permitting the misconduct to continue.

Respondent's codefendants testified that their counsel had told them if all three defendants would plead guilty to one count of robbery, the district attorney would dismiss the other count of robbery and the count of kidnaping; that counsel had told them the punishment for kidnaping was much greater than for robbery; that at no time did they ask respondent to plead guilty in order to lighten their punishment. Respondent contends the purpose of the testimony was to show the state of mind and motives of the codefendants in testifying for respondent; that no testimony was given as to whether or not the district attorney had expressed himself on the subject of dismissing any of the counts.

The district attorney in his closing argument told the jury something of the custom in his office with respect to dismissing some of the counts of an information if a defendant should plead guilty to one or more counts. Undoubtedly the argument was upon irrelevant matter outside the issues and concerned facts not in evidence. There does not, however, appear to be anything prejudicial to respondent in the statements objected to, especially since there was an abundance of substantial evidence to support the verdict. Indeed in his brief respondent virtually concedes that the evidence was sufficient.

### Errors in Rulings on Objections

Respondent's character witnesses testified that his reputation in the community for honesty, peace and quiet was good. On cross-examination the prosecution asked the witnesses whether they had heard that respondent had been arrested in El Paso for possession of marijuana; arrested in Los Angeles for possession of marijuana; for rape; for petty theft and for interfering with an arrest. Objections to the questions were overruled and the witnesses answered in the negative. The witnesses were then asked whether they would still say respondent's reputation for truth, honesty, peace and quiet was good.

A witness can be questioned only as to his knowledge of the reputation of the accused in relation to the traits involved in the offense charged, including his reputation as a law-abiding citizen (*People* v. *Gin Shue,* 58 Cal.App.2d 625, 634 [137 P.2d 742].) When the witness has testified his credibility is then in issue and one way by which the prosecution may test the accuracy and weight of his statements

as to the good reputation of the accused is to ask whether he has heard of certain rumors, occurrences or charges as to specified acts of misconduct of the accused relating in general to the traits involved in the charge and inconsistent with the reputation attributed to him. (*People* v. *McKenna*, 11 Cal.2d 327, 336 [79 P.2d 1065]; *People* v. *Sambrano*, 33 Cal.App.2d 200, 217 [91 P.2d 221]; *People* v. *Gin Shue, supra.*) The prosecution is confined to the answer given by the witness and can inquire no further into the matter. (*People* v. *Gin Shue, supra*; *People* v. *McKenna, supra.*)

The direct examination of respondent's witnesses was limited to his general reputation. The cross-examination should not have been extended to include inquiries as to what the witnesses personally might have thought of his reputation if they had had additional information. (*People* v. *Neal,* 85 Cal.App.2d 765, 771 [194 P.2d 57].) However, none of the witnesses changed his testimony, each of them maintaining respondent's reputation in the community was good.

Although there was error in overruling respondent's objections to the prosecution's questions on the cross-examination of his character witnesses, upon examination of the entire record, including the evidence, we are of the opinion that the errors complained of have not resulted in a miscarriage of justice (Const., art. VI, § 4½) and the motion for new trial should not be granted upon the grounds of the errors assigned.

The order granting the motion for new trial is reversed and the purported appeal by respondent is dismissed. The trial court is directed to pronounce judgment against defendant as required by law.

Moore, P. J., and McComb, J., concurred.