[No. A022234. First Dist., Div. Three. June 14, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
GERHARD ERNEST EBERHARDT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Parts III and V are not certified for publication. (Cal. Rules of Court, rules 976(b) and 976.1.)

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers and Ezra Hendon, Chief Assistant State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, R. H. Connett, Assistant Attorney General, Roderick E. Walston, Charles W. Getz IV and Mary E. Hackenbracht, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SCOTT, J.—A jury found appellant Gerhard Eberhardt guilty of two offenses: (1) conspiracy to violate Fish and Game Code[1] sections 8434 (sale of fish taken from Klamath River) and 8685.6 (sale of salmon taken in California waters by gill net); and (2) possession of salmon not taken under a valid commercial license (§ 12000; Cal. Admin. Code, tit. 14, § 1.52). The jury also found appellant not guilty of two offenses: (1) sale of fish taken from the Klamath (§ 8434); and (2) sale of salmon taken in California waters by gill net. (§ 8685.6.)

I

The Hoopa Valley Indian Reservation located in northern California includes a one-mile strip of land on each side of the Klamath River from the river's mouth at the Pacific Ocean to its confluence with the Trinity River. (*People* v. *McCovey* (1984) 36 Cal.3d 517, 521 [205 Cal.Rptr. 643, 682 P.2d 687].)

---

[1]Unless otherwise indicated, all statutory references are to the Fish and Game Code.

A comprehensive federal regulatory scheme governs Indian fishing on the reservation. Those regulations permit fishing for subsistence and ceremonial purposes only, and fishing with gill nets is permitted only on certain days and at certain hours. Commercial fishing is prohibited, as is the sale of fish caught on the reservation. All "eligible Indians" of the reservation are governed by the regulations and must obtain and possess a fisher's identification card before exercising any fishing rights on the reservation. (*Id.*, at pp. 529-530.)

In July 1981, John Gavitt, a special agent with the United States Fish and Wildlife Service, assumed an undercover identity as a wholesale seafood dealer and traveled to the Klamath area for the purpose of enforcing those federal regulations. There he met Jeanette Eberhardt, an Indian who possessed a fisher's identification card, and her husband, appellant Gerhard Eberhardt, who is not an Indian of the reservation.

During the next few months, Gavitt purchased several hundred pounds of salmon from Mrs. Eberhardt and others. On one of these occasions, appellant was present while agent Gavitt discussed the price of the fish with Glen Scott. Although appellant did not participate in the price negotiations, he helped weigh and load the fish. Appellant told Gavitt that he had been caught doing this type of thing before and needed to be careful because he didn't want to get caught again. Gavitt and appellant discussed the possibility of Gavitt delivering fish caught by appellant, Mrs. Eberhardt, and the group to various buyers.

On August 31, appellant called Gavitt and said that if he needed fish, appellant could help him out. He told Gavitt he could provide 250 pounds of fish on September 3. Mrs. Eberhardt then took over the phone conversation, and Gavitt arranged to buy 200 pounds of fish at $1.75 a pound. On September 3, Gavitt went to Mrs. Eberhardt's house in Crescent City, where he purchased 18 salmon. Appellant was not present. Mrs. Eberhardt said the fish had been caught by members of her family in the Klamath River. Gavitt found gill net marks on the fish.

## II

█ In his opening brief, appellant urged that he was assisting his wife in exercising her fishing rights, and that he was entitled to any defenses she has against charges of violating the state's Fish and Game Code. After that brief was filed, the Supreme Court held that federal law preempts the state from regulating the off-reservation sale or possession for sale of fish caught by Hoopa Valley Reservation Indians in the Klamath River on the reservation, but that federal law does not preempt the exercise of state jurisdiction

over those who are not Indians of the reservation. (*People* v. *McCovey, supra,* 36 Cal.3d at pp. 536-537.) Thereafter, appellant filed an additional brief, conceding that the state was not preempted from prosecuting him, but raising several additional contentions.

First, appellant contends that the only overt acts charged in the conspiracy count were identical to the substantive crimes of which he was acquitted, and that therefore the conspiracy conviction cannot stand.

Penal Code section 954 provides in relevant part: "An acquittal of one or more counts shall not be deemed an acquittal of any other count." When a defendant is charged with more than one count, a verdict of either conviction or acquittal upon one count has no bearing upon the verdict with respect to another count. (*People* v. *Hamilton* (1978) 80 Cal.App.3d 124, 130 [145 Cal.Rptr. 529]; see *People* v. *Lopez* (1982) 131 Cal.App.3d 565, 570 [182 Cal.Rptr. 563]; *People* v. *Federico* (1981) 127 Cal.App.3d 20, 32 [179 Cal.Rptr. 315].) There is a limited judicial exception to this rule, where all of the essential elements of the crime of which the defendant was acquitted are identical to some or all of the essential elements of the crime of which he was convicted, and proof of the crime of which he was acquitted is necessary to sustain a conviction of the crime of which he was convicted. (*People* v. *Hamilton, supra,* 80 Cal.App.3d at p. 130.)

In *In re Johnston* (1935) 3 Cal.2d 32 [43 P.2d 541], for example, defendants were charged with numerous violations of the Corporate Securities Act and with conspiring to violate that act. The overt acts alleged in the conspiracy count were identical with the crimes charged in the preceding counts. The jury convicted the defendants of conspiracy, but acquitted them of all the remaining counts. The Supreme Court held that notwithstanding Penal Code section 954, the inconsistency invalidated the conspiracy conviction. (*Id.,* at pp. 34-36.)

In contrast, where there are overt acts alleged in the conspiracy count other than or in addition to the act constituting the substantive offense charged against a defendant in another count, there is no inconsistency in convicting that defendant of conspiracy but acquitting him of the substantive offense. (*People* v. *Robinson* (1954) 43 Cal.2d 132, 138 [271 P.2d 865].) In *Robinson,* defendant and Schaefer were charged with bookmaking and conspiracy to commit bookmaking. Five overt acts in furtherance of the conspiracy were alleged, four by Schaefer alone, and one involving defendant. Before trial, Schaefer died. The jury convicted defendant of conspiracy, but acquitted him of bookmaking. Defendant contended that his acquittal in effect also acquitted him of the only overt act charged against him, and that therefore the two verdicts were in irreconcilable conflict. The Supreme

Court disagreed. The evidence of the acts committed by Schaefer was sufficient to sustain the conspiracy conviction against defendant; therefore the acquittal was not inconsistent with that conviction. (*Id.*, at pp. 138-140.)

■ In this case, a close examination of the record refutes appellant's claim that the verdicts are fatally inconsistent. The information initially charged appellant and two codefendants in count I with conspiracy to violate sections 8434 and 8685.6, and alleged that all three committed the overt acts: ". . . said defendants [plural] committed the following overt acts: [¶] OVERT ACT No. 1: did sell fish taken from the Klamath River, on or about September 3, 1981 (§ 8434 Fish and Game Code) [¶] OVERT ACT No. 2: did sell salmon taken in California waters by gill net, on or about September 3, 1981 (§ 8685.6 Fish and Game Code)." In addition to the conspiracy charge, the information charged defendants (plural) in count II with a misdemeanor violation of section 8434, and in count III, with a felony violation of section 8685.6, both also on or about September 3.

For various reasons, appellant was tried alone. Unlike the initial information, the charges read at the beginning of the trial alleged that "defendant" (singular) conspired with others to violate the Fish and Game Code, that "defendant" (singular) committed the two above mentioned overt acts, and that "defendant, Gerhard Eberhardt" committed the other substantial offenses. Similarly, the special verdict form submitted to the jury mentioned only appellant Eberhardt. On the conspiracy count, the jury was asked whether appellant did or did not commit the two overt acts; the jury found that he committed both. On the substantive crimes separately charged in counts II and III, the jury found appellant not guilty.

An examination of the verdict form alone does make it appear that the jury acquitted appellant of the only overt acts charged in the conspiracy count. However, as the trial court recognized in denying appellant's motion for new trial, the jury was *not* instructed on aiding and abetting with respect to the substantive sale offenses. None of the instructions given would have led the jurors to believe that they could find appellant guilty of those offenses if he did not himself directly commit the acts constituting the offenses.

In contrast, and as the trial court also noted, the jury was instructed that the act of one conspirator was in effect the act of all conspirators, and that it was not necessary to the guilt of any one defendant that he himself committed the overt act, if he was one of the conspirators when the act was committed. In other words, *the jury was correctly instructed that it could consider the acts of appellant's coconspirators in order to prove the overt act and convict him of conspiracy.* (See *People* v. *Marsh* (1962) 58 Cal.2d 732, 746 [26 Cal.Rptr. 300, 376 P.2d 300]; *People* v. *Cooks* (1983) 141

Cal.App.3d 224, 311-312 [190 Cal.Rptr. 211].) The evidence was more than sufficient to establish that appellant's coconspirators committed the overt acts charged, and appellant does not contend otherwise. When read in conjunction with the instruction given, the verdicts are not inconsistent.[2]

### III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

■ Next, appellant contends that because his wife and coconspirator cannot be prosecuted by the state for violating sections 8434 and 8685.6, as a matter of law he cannot be guilty of conspiring with her to commit those offenses. We disagree.

■ By definition, a conspiracy is an agreement, and requires the guilty concurrence of at least two parties. (*People* v. *Superior Court (Jackson)* (1975) 44 Cal.App.3d 494, 498 [118 Cal.Rptr. 702].) Therefore, a defendant in a prosecution for conspiracy cannot be convicted where all of his or her alleged coconspirators have been acquitted. (*People* v. *James* (1961) 189 Cal.App.2d 14, 15-17 [10 Cal.Rptr. 809, 91 A.L.R.2d 697].) However, impossibility of conviction is not the same as innocence, and if the guilt of two is established, one may be convicted although the other may be protected by immunity or some other procedural bar. (Perkins & Boyce, Criminal Law (3d ed. 1982) pp. 693-694.) For example, the acts of a coconspirator who has been granted prosecutorial immunity may be considered in establishing the culpability of other coconspirators. (*People* v. *Williams* (1979) 97 Cal.App.3d 382, 394-395 [158 Cal.Rptr. 778]; see *People* v. *Gilbert* (1938) 26 Cal.App.2d 1, 25-26 [78 P.2d 770].) "Where . . . the discharge of an alleged coconspirator is not inconsistent with his guilt, but simply bars a subsequent prosecution of him, it does not invalidate the

---

[2]Despite the absence of aiding and abetting instructions, the prosecutor argued (without objection) that the acts of a coconspirator could be used to prove the substantive sale of fish charges against appellant. Any confusion resulting from that argument may have been remedied later during deliberations, when the jury sent a note to the court asking "Does the act of conspiracy apply to Counts 2, 3, & 4? Or should Counts 2, 3 & 4 be considered individually from Count 1?" With the agreement of counsel, the court sent a response to the jury stating: "Counts 1, 2, 3 and 4 are each to be considered as separate charges and a verdict rendered on each count. A charge of conspiracy to commit a Fish and Game Code offense is a distinct offense from a charge of committing the Fish and Game offense." In any event, the fact that the jury found appellant not guilty of the two counts charging sale of fish indicates that appellant was not prejudiced by the prosecutor's perplexing argument.

*Part III of this opinion is not certified for publication. (See fn., *ante,* at p. 292.)

conviction of his coconspirators." (*People* v. *Gilbert, supra,* at p. 26.) Similarly, a defendant may be charged with conspiracy to deliver documents to a foreign government even though his coconspirators are not amenable to prosecution because of diplomatic immunity. (*Farnsworth* v. *Zerbst* (5th Cir. 1938) 98 F.2d 541, 543-545.)

 In this case, Mrs. Eberhardt is immune from prosecution by the state because federal law preempts the state from regulating the off-reservation sale or possession for sale of fish caught by Hoopa Valley Reservation Indians in the Klamath River on the reservation. (*People* v. *McCovey, supra,* 36 Cal.3d at pp. 536-537.) However, her immunity from prosecution by the state is not inconsistent with her culpability as a coconspirator, and the fact that she cannot be prosecuted by the state does not amount to a declaration of her innocence. The evidence was more than sufficient to establish that appellant conspired with Mrs. Eberhardt to unlawfully sell gill-netted fish from the Klamath River.

## V*

. . . . . . . . . . . . . . . . . . . . . . . . .

## VI

The judgment is modified to reflect that appellant was sentenced to a concurrent term of six months in county jail for violating Fish and Game Code section 12000 and section 1.52 of title 14 of the California Administrative Code.[3] As modified, judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied July 12, 1985, and appellant's petition for review by the Supreme Court was denied October 3, 1985. Mosk, J., was of the opinion that the petition should be granted.

---

*Part V of this opinion is not certified for publication. (See fn., *ante,* at p. 292.)

[3]When the court sentenced appellant on the misdemeanor offense charged in count IV, it apparently inadvertently described that offense as a violation of section 8685.6 instead of section 12000 and section 1.52 of title 14 of the California Administrative Code. We will modify the judgment to correct that misstatement.