MEMORANDUM **
Bernard Raymond Pearle Van Pelz appeals the district court’s denial of his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court’s denial of a habeas petition, Koerner v. Grigas, 328 F.3d 1039, 1045-46 (9th Cir.2003), and we affirm.
A federal habeas writ may not issue for any claim decided on the merits in state court unless the state court’s adjudication of the claims either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts given the evidence presented in state court. 28 U.S.C. § 2254(d).
Van Pelz argues his due process rights, as guaranteed by the United States Constitution, were violated by state court jury instructions that permitted his conviction for conspiracy based on alleged “overt acts” occurring after the other party to the conspiracy, Michael Thing, became a government informant. We disagree. First, it is uncontroverted that the U.S. Supreme Court has never expressly disavowed the instructions at issue here as violative of due process. If no holding of the Supreme Court has addressed the issue, the state court’s decision could not have been contrary to, or an unreasonable application of, clearly established federal law. See Carey v. Musladin, 549 U.S. 70, 77, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006).
Secondly, and in any event, the jury instructions in question comported with state law. Although actionable conspiracy requires not only an agreement to commit a crime, but also an overt act in furtherance of the agreement, Cal.Penal Code §§ 182, 184, a conviction can rest on a single such act. People v. Russo, 25 Cal.4th 1124, 108 Cal.Rptr.2d 436, 25 P.3d 641, 644-48 (2001). The jury instructions here made that clear. While they also permitted conviction for overt acts occurring *106 after Mr. Thing became a government informant, that qualification is consistent with California law as well.
In People v. Alleyne, 82 Cal.App.4th 1256, 98 Cal.Rptr.2d 737 (2000), the California Court of Appeal found that the crux of any conspiracy is the agreement itself. Id. at 741. The Alleyne court held that the death of one of the conspirators did not absolve the remaining conspirator of culpability for overt acts occurring thereafter. Id. In reaching that determination, the court relied on an earlier decision, People v. Eberhardt, 169 Cal.App.3d 292, 215 Cal.Rptr. 161 (1985), which held that a co-conspirator’s prosecutorial immunity (as a Native American) did not alleviate the other conspirator’s responsibility for his own acts in furtherance of the conspiracy. Id. at 165. Given the decisions in Eberhardt and Alleyne, the instructions were not erroneous and cannot support a federal habeas claim on that basis.
Van Pelz also argues that applying the logic of Alleyne, a 2000 case, to his conviction for acts that occurred previously, in 1998, violates the so-called Ex Post Facto Clause of the United States Constitution. See U.S. Const, art. I, § 9, cl. 3, § 10, cl. 1. That clause is “aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts.” California Dep’t of Corr. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995) (internal citation omitted). Retroactive application of a judicial construction of a criminal statute, however, violates due process only if the construction is “unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.” Bouie v. City of Columbia, 378 U.S. 347, 354, 84 S.Ct. 1697, 1703, 12 L.Ed.2d 894 (1964). We have previously limited a viable ex post facto challenge to construction representing a “radical and unforeseen departure from prior law.” Hayes v. Woodford, 301 F.3d 1054, 1088 (9th Cir.2002).
Van Pelz cannot meet this rigorous standard. The Alleyne case, while decided after the underlying crime at issue here, represented a logical extension of the prior Eberhardt decision. Alleyne did not expand liability for conspiracy, but only addressed such liability in a new factual context. The state court’s use of jury instructions incorporating the rationale of Alleyne did not constitute an unconstitutional ex post facto violation.
Finally, Van Pelz also advances an argument uncertified by the district court. Federal review of state court proceedings is normally limited to those issues specified in the Certificate of Appealability (“COA”), which did not adopt Van Pelz’ final argument that his Sixth Amendment right to confrontation was abridged because the trial court unduly limited the testimony of Mr. Thing at trial. While this court can broaden the scope of the COA for purposes of appeal, Van Pelz must make a “substantial showing of the denial of a constitutional right” in order to warrant such expanded appeal. Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir.1999). We conclude that the requisite showing has not been made.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.