[Crim. No. 2549. Second Appellate District, Division One.—November 15, 1934.]

THE PEOPLE, Respondent, v. CLIFFORD F. WALLACE, Appellant.

240

Ben W. McLendon and Jarrett Beckett for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant appeals from a judgment of conviction that was rendered against him pursuant to three several verdicts returned by a jury for the commission by him of the respective crimes of murder in the second degree, violation of section 112 of the California Vehicle Act relating to the driving of an automobile while the driver thereof is under the influence of intoxicating liquor, and violation of section 141 of the same act, which in part relates to the failure of the driver of an automobile that has been involved in an accident caused by the collision of such automobile with an individual to stop his automobile and give aid, etc., to any person injured in such accident. Defendant also appeals from an order by which his motion for a new trial was denied.

It is contended by respondent that, as is indicated by the judgment from which the appeal is taken, the defendant while in an intoxicated condition drove and operated an automobile in such manner that it collided with one Guy Kennon, from the effects of which collision Kennon immediately died, and that after the happening of such accident defendant did not stop his automobile and render aid to said Kennon, etc.

Appellant questions the legality of each of the three verdicts returned by the jury against him, and especially attacks the judgment because of the asserted insufficiency of the evidence to support each of such verdicts.

Although by statutory provision, in order to constitute the crime of murder in the second degree, "malice aforethought" must be present in the mind of the killer of a human being (sec. 187, Pen. Code), the existence of such a condition may be implied "when the circumstances attending the killing show an abandoned and malignant heart" (sec. 188, Pen. Code). And it has been held that where the killing has arisen from, or in the course of, the commission by the accused of a criminal offense amounting

to a felony (even other than those felonies specified in section 189 of the Penal Code which relate more particularly to the crime of murder in the first degree), a verdict of murder in the second degree may be sustained. (*People* v. *McIntyre,* 213 Cal. 50 [1 Pac. (2d) 443]; *People* v. *Hubbard,* 64 Cal. App. 27 [220 Pac. 315]; *People* v. *Collins,* 195 Cal. 325 [233 Pac. 97]; 13 Cal. Jur. 603.)

█ By the terms of section 17 of the Penal Code, it is provided that "a felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

After denouncing the act of driving an automobile on any public highway within the state by one "who is under the influence of intoxicating liquor", section 112 of the California Vehicle Act provides for the punishment that may be imposed upon one who has been convicted of a violation of such statute, and which punishment, dependent entirely upon the "recommendation" to be made by the jury, may be either a fine, an imprisonment in a county jail, or an imprisonment in the state prison. In the instant case the jury returned its verdict by which defendant was found guilty of "violation of section 112, California Vehicle Act"; and recommended as punishment "one year in state prison". It would therefore appear that by reason of the determination by the jury, in effect that at the time when the accident occurred which resulted in the death of Guy Kennon, defendant was engaged in the commission of a felony, a sufficient foundation in law was created which would authorize a contemporaneous verdict against defendant of murder in the second degree. █ But with reference to the alleged violation by defendant of the provisions of section 112 of the California Vehicle Act, which relate to the accusation that at a time when he was under the influence of intoxicating liquor defendant drove an automobile on a public highway of this state,—as a separate and controlling subject for consideration by this court, appellant challenges the sufficiency of the evidence adduced on the trial of the action to warrant the verdict of his guilt thereof.

Even though we might concede that in point of law, the evidence is sufficient to support a finding that the defendant is guilty of the several offenses (and as to this we express no opinion), yet such evidence is not so clear and undisputed that we may ignore those errors committed by the court in relation to instructions to the jury,—which errors we shall now discuss.

At the conclusion of the trial the jury was instructed by the court that: "You are instructed that any person, who, while driving an automobile under the influence of intoxicating liquor, as defined to you in these instructions, causes the death of any other person, is guilty of the crime of murder of the second degree."

Although other instructions were also given to the jury by which a verdict of manslaughter was authorized, such instructions were predicated, not upon the presumed fact that "while under the influence of intoxicating liquor" defendant had operated an automobile "on a public highway of this state", but were based entirely upon a part of the statutory definition of manslaughter included within section 192 of the Penal Code; that is to say, the unlawful killing of a human being without malice, and without due care and circumspection. That such a distinction clearly exists is pointed out in the case of *People* v. *McGrath*, 94 Cal. App. 520, 525 [271 Pac. 549], where it is said: "On the other hand, evidence of indulgence in intoxicating liquor is wholly unessential to the establishment of the crime of reckless driving, as it is defined by section 121 of said act; that is, a person may be guilty of driving without due caution and circumspection, or in such manner as to endanger the safety of others, even though he has not indulged at all in intoxicating liquors. The two crimes are therefore not only distinct in law but in fact, for each crime pertains to a separate state of facts." But no evidence whatsoever was introduced by the prosecution that would authorize the giving of such an instruction on the assumption that at the time when the accident occurred defendant was not operating his automobile with due care and circumspection. In that regard, the only evidence presented was that offered in behalf of defendant, and which was entirely to the contrary of such theory. A consideration of the terms of the instruction quoted herein will at once disclose the situation that the

jury was thereby told that if it found that, while under the influence of intoxicating liquor, defendant had driven his automobile on a public highway of this state, and thus had caused the death of Guy Kennon, there could be but one verdict,—"murder of the second degree". Leaving out of consideration the fact that no evidence was presented as to the exact manner in which Guy Kennon met his death; that is to say, in general, whether his death was the result either of his own voluntary or his own involuntary act, or conduct; or specifically, whether on his part his death was accidental, or by design; or whether on the part of defendant the accident was due to his negligence;—from an examination of the case of *People* v. *Collins,* 195 Cal. 325, 349 [233 Pac. 97], it becomes manifest that in a situation such as is presented herein a jury is authorized to return a verdict of "guilty of the crime of manslaughter", and consequently that in the instant case the instruction to the jury by which it was limited in its verdict either to an acquittal of defendant, or to a finding of "guilty of the crime of murder of the second degree", was prejudicially erroneous.

As to the third count of the information upon which defendant was convicted, and from the ensuing judgment whereon he has appealed to this court, to wit, that of failure to stop his automobile and give aid, etc.,—appellant complains of the refusal of the trial court, following defendant's request therefor, to give to the jury the following instruction:

"The defendant is charged in count three of the information filed in this cause with violation of section 141 of the California Vehicle Act. I instruct you that the said vehicle act imposes a duty upon the driver of any vehicle involved in an accident which results in injury or death to any person to immediately stop, render reasonable assistance to any person injured and furnish to the person struck certain information required by law. However, I further instruct you that this does not apply to a person who was ignorant of the fact, that the automobile he was driving had struck another person, and if you believe from the evidence in this case that the defendant's auto collided with the deceased and that the defendant was unaware of such fact, he would not be guilty of a violation of the law and it is your duty to acquit him of said charge."

That in circumstances such as were present in the instant case an instruction to the effect of that herein quoted is proper, and on request of the defendant in the action should be given to the jury, is attested by the decisions in the cases of *People* v. *Scofield,* 203 Cal. 703, 711 [265 Pac. 914]; *People* v. *Graves,* 74 Cal. App. 415 [240 Pac. 1019]. See, also, *People* v. *Leutholtz,* 102 Cal. App. 493 [283 Pac. 292]. Respondent concedes as much, even though (as respondent contends) ''the instruction was covered in substance'' by another instruction that was given to the jury.

The impressive point of the refused instruction was that if defendant was ''ignorant of the fact that the automobile he was driving had struck another person'', a verdict of guilty could not lawfully be rendered against him. Although it may be that by the instruction which was given to the jury it was informed in a general roundabout way that before defendant could be convicted of the offense, the evidence must show beyond a reasonable doubt that at the time the accident occurred he must have been aware of that fact,—since his positive knowledge thereof is an essential element of the offense, we think that defendant was entitled to have given to the jury a specific instruction on the point such as was requested by him. But even though the jury had been adequately instructed in that regard, an examination of the record herein fails to show that defendant necessarily should be held to have had the required knowledge of the fact that his automobile had struck any person, or had been ''involved in an accident''. To the contrary, the evidence leans heavily to the opposite conclusion.

█ While we have not found any error in the rulings of the court in relation to the prosecution on the second count, we are of the opinion that the evidence thereon is so connected and commingled with the evidence relating to the charge of murder, that the granting of a new trial on the first and third counts necessarily carries with it the right to a retrial of the entire case.

It therefore should follow that, as to each of the counts on which defendant was convicted, the judgment rendered against him should be reversed; furthermore, that the order by which defendant was denied a new trial should be reversed. It is so ordered.