Filed 6/11/20

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JUAN ALBERTO SANDOVAL,<br><br>    Defendant and Appellant. | F076902<br><br>(Super. Ct. No. F16903811)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County. James Petrucelli, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I and II of the Discussion.

**SEE CONCURRING AND DISSENTING OPINION**

## INTRODUCTION

A jury convicted Juan Alberto Sandoval (defendant), in count 1, of battery (Pen. Code[1], § 242) as a lesser included offense of battery with serious bodily injury (§ 243, subd. (d)), and, in count 2, of assault by means of force likely to produce great bodily injury during the commission of which he personally inflicted great bodily injury (§§ 245, subd. (a)(4), 12022.7, subd. (a)). The jury acquitted defendant of assault with a deadly weapon with personal infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a); count 3) and of a second battery charge (§ 242; count 4). Defendant's motion to reverse the jury finding on the great bodily injury allegation on count 2 was denied, and he was sentenced to a total of five years in prison and ordered to pay various fees, fines, and assessments.

Defendant now raises claims of inconsistent verdicts and instructional error. In the published portion of this opinion, we hold that the jury instructions correctly defined great bodily injury. In the unpublished portion, we reject defendant's claims (1) the great bodily injury finding on count 2 was fatally inconsistent with the jury's rejection of serious bodily injury on count 1, and (2) the trial court prejudicially erred by giving CALCRIM No. 332. Accordingly, we affirm.

## FACTS

Early on the morning of June 15, 2016, after a night spent celebrating at a birthday party, defendant confronted and attacked the victim, ostensibly because defendant believed the victim was sexually assaulting a mutual acquaintance who had also attended the party. Defendant struck the victim multiple times in the face and head. A witness testified defendant used brass knuckles during the attack, although none were found when defendant was apprehended a short time later.

---

[1] All statutory references are to the Penal Code.

According to the victim, he received seven or eight stitches at the hospital to repair a laceration above his eyebrow. His pain level was eight or nine out of 10. He did not believe he lost consciousness, although he was not sure. He could not see out of his eye for four days, and his eye was red for a month. As of the time of trial, he had a scar above his eyebrow, and his neck occasionally ached while he was working.

A physician testified, based on the medical records, that the victim presented with a laceration over the left eyebrow that was about four centimeters long and two millimeters deep, subconjunctival hemorrhage, right jaw swelling, and tenderness over the right mandible. The victim received one running suture to close the laceration. The doctor explained that while closing a wound like the victim's usually would require multiple sutures (one to two sutures per centimeter), a running suture accomplishes the task with a single suture.

## DISCUSSION

### I[*]

### INCONSISTENT VERDICTS

The jury acquitted defendant, in count 1, of battery with serious bodily injury (§ 243, subd. (d)), but found true, as to count 2, an allegation that he personally inflicted great bodily injury (§ 12022.7, subd. (a)). Defendant now contends the trial court should have granted his motion to reverse the great bodily injury enhancement, and the enhancement should be stricken. He says the jury's antecedent serious bodily injury acquittal foreclosed the subsequent great bodily injury finding, since the terms are essentially equivalent. We reject what amounts to a claim of inconsistent verdicts.

"[A]s a general rule, inherently inconsistent verdicts are allowed to stand. [Citations.] The United States Supreme Court has explained: '[A] criminal defendant . . . is afforded protection against jury irrationality or error by the independent review of

---

[*] See footnote, *ante*, page 1.

3.

the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. [Citations.] This review should be independent of the jury's determination that evidence on another count was insufficient.' " (*People v. Lewis* (2001) 25 Cal.4th 610, 656.) This rule is embodied in section 954, which reads, in part: "An acquittal of one or more counts shall not be deemed an acquittal of any other count." It applies equally to enhancements. (*People v. Lewis*, *supra*, at p. 656; *People v. Miranda* (2011) 192 Cal.App.4th 398, 405.)

Defendant points to the existence of "a limited judicial exception to this rule where all of the essential elements of the crime of which the defendant was acquitted are identical to some or all of the essential elements of the crime of which he was convicted, and proof of the crime of which the defendant was acquitted is necessary to sustain a conviction of the crime of which the defendant was found guilty. [Citations.]" (*People v. Hamilton* (1978) 80 Cal.App.3d 124, 130, overruled on another ground in *People v. Flood* (1998) 18 Cal.4th 470, 481, 484.) This exception does not apply here, however, and the verdicts were not inconsistent.

"[T]he terms 'serious bodily injury' and 'great bodily injury' have been described as ' " ' essential[ly] equivalent' " ' [citation] and as having 'substantially the same meaning' [citation]. [Citation.] However, the terms in fact 'have separate and distinct statutory definitions.' [Citation.] This distinction may make a difference when evaluating jury instructions that provide different definitions for the two terms." (*People v. Santana* (2013) 56 Cal.4th 999, 1008-1009; cf. *People v. Johnson* (2016) 244 Cal.App.4th 384, 392.)

4.

Here, the jury was instructed on the distinct definitions. Pursuant to CALCRIM No. 925, jurors were told "[a] serious bodily injury means a serious impairment of physical condition. Such an injury may include, but is not limited to loss of consciousness, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing." Pursuant to CALCRIM No. 3160, jurors were told that "[g]reat bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. Committing the crime of battery with serious bodily injury, assault by means likely to produce great bodily injury, or assault with a deadly weapon is not by itself the infliction of great bodily injury."

Based on the instructions and evidence, jurors reasonably may have doubted whether there was an injury akin to loss of consciousness, protracted loss or impairment of function of a bodily member or organ, or a wound requiring extensive suturing. On the other hand, the overall injuries to the victim's face and neck, including the bruising, pain, scarring, and swelling, could reasonably have led the jury to finding significant or substantial physical injury that was greater than moderate harm. (See, e.g., *People v. Lopez* (2018) 5 Cal.5th 339, 357; *People v. Escobar* (1992) 3 Cal.4th 740, 749-750; *People v. Sanchez* (1982) 131 Cal.App.3d 718, 733-734; *People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836.) In other words, the "proved" finding on the great bodily injury enhancement is supported by substantial evidence, and defendant does not argue otherwise.

*People v. Hawkins* (1993) 15 Cal.App.4th 1373, on which defendant relies, does not assist him. In that case, the jury convicted the defendant of battery with serious bodily injury and found true a great bodily injury enhancement allegation. The trial court imposed an additional term for the enhancement. (*Id*. at p. 1374.) In concluding the enhancement could not properly be imposed, the Court of Appeal reasoned that because "[t]he terms 'serious bodily injury' and 'great bodily injury' have substantially the same

5.

meaning . . . , common sense dictates that great bodily injury is . . . an element of battery under section 243, subdivision (d)." (*Id*. at p. 1375.)

Defendant's case does not present the situation addressed in *Hawkins* and the "limited judicial exception" described in *People v. Hamilton*, *supra*, 80 Cal.App.3d at page 130. In the circumstances before us, "the jury's [acquittal on] serious bodily injury cannot be deemed equivalent to [an acquittal on] great bodily injury." (*People v. Taylor* (2004) 118 Cal.App.4th 11, 25.) This is so regardless of the order in which the jury made its determinations, and we reject defendant's contrary contention.

## II[*]

## CALCRIM No. 332

At the request of both parties, the trial court instructed the jury, pursuant to CALCRIM No. 332: "A witness was called to testify as an expert and give an opinion. You must consider the opinion, but you are not required to accept them as true or correct. The meaning or importance of any opinion are for you to decide. In evaluating the believability of an expert witness, follow the instructions about believability of witnesses generally. In addition, consider the expert's knowledge, skill, experience, training and education, the reasons the expert gave for any opinion, and the facts or information on which the expert relied in reaching that opinion. You must decide whether information on which the expert relied was true and accurate. You may disregard any opinion that you find unbelievable, unreasonable or unsupported by the evidence."

Defendant now contends the trial court erred by giving the instruction. He says the instruction was inapplicable, because the doctor (the only witness who testified as an expert) did not give an opinion. We conclude any error was harmless.[2]

---

[*]    See footnote, *ante*, page 1.

[2]    The Attorney General asserts defendant forfeited any challenge by requesting the instruction and failing to object below. (See *People v. Rubio* (1946) 75 Cal.App.2d 697, 710.) It is true both parties requested CALCRIM No. 332 at the outset of trial, and

"When, in any criminal trial or proceeding, the opinion of any expert witness is received in evidence, the court shall instruct the jury" in language such as that contained in CALCRIM No. 332. (§ 1127b.) When a doctor testifies concerning physical facts and does not give an opinion on any subject, however, section 1127b does not apply. (*People v. Morcumb* (1938) 28 Cal.App.2d 465, 468.)

The Attorney General says the doctor's testimony concerning how a wound such as the victim's usually would be closed amounted to "a hypothesis from a medical doctor as to how many standard, interrupted sutures would have been required to treat [the victim's] injury"; hence, this was expert opinion testimony such that CALCRIM No. 332 was mandatory. (See *People v. Lynch* (1971) 14 Cal.App.3d 602, 609.) We question whether the doctor's testimony constituted an opinion within the meaning of section 1127b. In any event, even assuming CALCRIM No. 332 should not have been given, defendant has failed to establish he was prejudiced. He says the error permitted the jury to disregard, as opinion, the doctor's nonopinion testimony that the victim received only one stitch, but we do not agree.

"It is error to give an instruction which, while correctly stating a principle of law, has no application to the facts of the case." (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129.) "Nonetheless, giving an irrelevant or inapplicable instruction is generally ' "only a technical error which does not constitute ground for reversal." ' [Citation.]" (*People v. Cross* (2008) 45 Cal.4th 58, 67.)

---

neither subsequently withdrew that request. We find no forfeiture, however, "because 'the record fails to show [defense] counsel had a tactical reason for requesting or acquiescing in the instruction.' [Citation.]" (*People v. Famalaro* (2011) 52 Cal.4th 1, 41-42; see, e.g., *People v. McKinnon* (2011) 52 Cal.4th 610, 675; *People v. Gonzales* (2011) 51 Cal.4th 894, 938.)

Defendant's jurors were instructed on how to judge the credibility of witnesses, and to judge each by the same standard. They also were told that some of the instructions may not apply, depending on jurors' findings about the facts, and to follow the instructions that did apply to the facts as jurors found them. "[T]he jury is presumed to disregard an instruction if the jury finds the evidence does not support its application. [Citation.]" (*People v. Frandsen* (2011) 196 Cal.App.4th 266, 278; see, e.g., *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1220, overruled on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.)

The expert opinion testimony instruction is similar to the standard witness credibility instruction, in that the jury is not required to accept any testimony as true. Jurors alone determine the facts. With or without CALCRIM No. 332, the jury was entitled to believe there were seven or eight stitches as the victim testified, or one running suture that took the place of multiple interrupted sutures as the doctor testified. The instructions fully informed jurors of their factfinding duty, including the option to accept or reject any of the doctor's testimony, opinion or otherwise. There is neither a reasonable likelihood the jury applied CALCRIM No. 332 in an impermissible manner (*People v. Hajek and Vo*, *supra*, 58 Cal.4th at p. 1220) nor a reasonable probability defendant would have obtained a more favorable outcome had the instruction not been given (*People v. Watson* (1956) 46 Cal.2d 818, 836).

### III

### CALCRIM NOS. 875 AND 3160

Jurors were instructed, both with respect to the substantive offense of assault by means of force likely to produce great bodily injury charged in count 2 and the related great bodily injury enhancement, that " '[g]reat bodily injury' means significant or substantial physical injury. It is an injury that is greater than minor *or* moderate harm." (CALCRIM Nos. 875, 3160, italics added.) Based on the majority opinion from one panel of this court (*People v. Medellin* (2020) 45 Cal.App.5th 519 (*Medellin*)), defendant

8.

contends the instructions are erroneous because use of the emphasized disjunctive improperly permits jurors to find great bodily injury if they determine the harm inflicted was more than minor *or* more than moderate, and so find the allegation proven based on harm that is more than minor but less than moderate. The Attorney General urges us to follow the opinion from a different panel of this court (*People v. Quinonez* (2020) 46 Cal.App.5th 457 (*Quinonez*)) and reject defendant's claim. We find *Medellin* unpersuasive on this issue and conclude CALCRIM Nos. 875 and 3160 do not permit a reasonable finding of ambiguity.

"The legal adequacy of an instruction is reviewed independently. [Citation.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1210; see, e.g., *People v. Rivera* (2019) 7 Cal.5th 306, 326.) " 'It is fundamental that jurors are presumed to be intelligent and capable of understanding and applying the court's instructions.' [Citation.] When a defendant claims an instruction was subject to erroneous interpretation by the jury, he must demonstrate a reasonable likelihood that the jury misconstrued or misapplied the instruction in the manner asserted. [Citation.] In determining the correctness of jury instructions, we consider the entire charge of the court, in light of the trial record. [Citation.]" (*People v. Covarrubias* (2016) 1 Cal.5th 838, 926.)

"Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate. [Citations.]" (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066; accord, e.g., *People v. Cross* (2008) 45 Cal.4th 58, 63-64; *People v. Escobar* (1992) 3 Cal.4th 740, 749-750; *People v. Drayton* (2019) 42 Cal.App.5th 612, 614; see § 12022.7, subd. (f).) In other words, it is significant or substantial physical injury that is more than minor or moderate. Fairly read, CALCRIM Nos. 875 and 3160 so state, and defendant's jury was so instructed.

"[A] jury instruction cannot be judged on the basis of one or two phrases plucked out of context . . . ." (*People v. Stone* (2008) 160 Cal.App.4th 323, 331; accord, *Quinonez*, *supra*, 46 Cal.App.5th at pp. 465-466.) Thus, it is improper to assess the

9.

correctness of the instructional definitions of great bodily injury by focusing exclusively on the use of "or" in the phrase "minor or moderate harm." Rather, that phrase cannot be divorced from the one that immediately precedes it: "injury that is *greater than*" (italics added). "[I]njury that is greater than minor or moderate harm" cannot reasonably be read to mean injury that is more than minor but less than moderate. Such an interpretation simply does not make sense, legally or grammatically, particularly when the phrase is preceded by the explanation that great bodily injury means physical injury that is "significant or substantial." In our view, there is no reasonable likelihood the jury would parse the instructions in such a tortured way as to create the ambiguity defendant and the *Medellin* majority find. (See *People v. Kelly* (2007) 42 Cal.4th 763, 791; see also *Boyde v. California* (1990) 494 U.S. 370, 380-381.) "We credit jurors with intelligence and common sense [citation] and do not assume that these virtues will abandon them when presented with a court's instructions. [Citations.]" (*People v. Coddington* (2000) 23 Cal.4th 529, 594, overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)

When read as a whole, the definitions of great bodily injury in CALCRIM Nos. 875 and 3160 clearly informed jurors that great bodily injury meant significant or substantial physical injury, i.e., injury that was greater than moderate harm. There is no reasonable likelihood the instructions led jurors to believe they could find great bodily injury based on injury that was more than minor but less than moderate, or that they could choose which level of harm to use. Moreover, neither counsel argued an injury less than moderate would suffice. (Compare *Quinonez*, *supra*, 46 Cal.App.5th at p. 466 with *Medellin*, *supra*, 45 Cal.App.5th at pp. 531-532.)

Having independently examined the instructions as a whole in light of the trial record, we find no error. (See *People v. Tate* (2010) 49 Cal.4th 635, 696.)

## **DISPOSITION**

The judgment is affirmed.

DETJEN, Acting P.J.

I CONCUR:

DE SANTOS, J.

11.

SNAUFFER, J., Concurring and Dissenting.

I concur with the majority opinion and the result in this case, and dissent only from the holding regarding CALCRIM No. 3160.

The court instructed the jury that great bodily injury "means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm." (CALCRIM No. 3160.) Each party's argument largely focused on credibility and self-defense, not injury.

Nonetheless, injury was certainly relevant. During the defense argument, Sandoval's counsel displayed an exhibit depicting the victim's injuries. Counsel candidly stated, "I'm not anxious to show you this picture. Maybe I'm going to second-guess myself for it later. I'm not going to tell you this is trivial, and it probably was worse earlier in the evening." Counsel's stated purpose in displaying the exhibit was to argue the actual injuries undermined the victim's credibility because they were inconsistent with "multiple beatings ...."[1] Counsel ultimately concluded the injuries were not "minor, but they don't amount to more than moderate harm."

In *People v. Medellin* (2020) 45 Cal.App.5th 519 (*Medellin*), this court held the CALCRIM "greater than minor or moderate" language erroneous because it is reasonably interpreted to mean harm either greater than minor or greater than moderate is sufficient proof. The majority opinion follows *People v. Quinonez* (2020) 46 Cal.App.5th 457 (*Quinonez*), where a different panel of this court found the instruction appropriate. I remain unconvinced.

CALCRIM defines great bodily injury as "significant or substantial physical injury. It is an injury that is greater than minor or moderate harm." (CALCRIM No. 3160.) In *Quinonez, supra,* the court found the instruction proper because placing

---

[1] The exhibits clearly reveal at least two distinct and separate injuries to the victim's face.

focus on the "greater than minor or moderate" language impermissibly takes "one phrase out of context of the entirety of the instructions." (*Quinonez, supra,* 46 Cal.App.5th at p. 466.) The problem with that analysis is the "greater than minor or moderate" language supplies the sole relevant context. Because it further defines "significant or substantial physical injury," focus on its language is necessary and within context.[2]

The error with the instruction is its usage of "or" in "greater than minor or moderate." "[T]he word 'or' has more than one meaning. Although 'or' is used to indicate 'an alternative between different or unlike things, states, or actions,' the word 'or' can also be used to indicate 'the synonymous, equivalent, or substitutive character of two words or phrases,' such as in the example 'lessen or abate.' " (*People v. Harper* (2020) 44 Cal.App.5th 172, 194.) Based on Penal Code section 12022.7's statutory history, including the evolution of its accompanying jury instructions, there is no doubt "minor or moderate" evinces distinct, not synonymous, descriptions. (See *Medellin, supra,* 45 Cal.App.5th at pp. 530-531 [describing statutory history and evolving jury instructions].)

Accordingly, " '[t]he instruction's "use of the word 'or' ... indicates an intention to use it disjunctively so as to designate alternative or separate categories." ' " (*Medellin, supra,* 45 Cal.App.5th. at p. 534.) Because "greater than minor or moderate" injury is reasonably read to mean either greater than minor or greater than moderate suffices, the instruction misdescribes great bodily injury because greater than both minor and moderate injury is necessary. (See *People v. Cross* (2008) 45 Cal.4th 58, 64.)

In this case, when considered in the context of the entire trial record, I believe the instructional error is harmless beyond a reasonable doubt. In contrast to *Medellin*, neither

---

[2] "[S]ignificant or substantial physical injury" is the statutory definition for great bodily injury. (Pen. Code, § 12022.7, subd. (f).) To provide guidance to jurors' instructions, including the one at issue, case law developed over time further clarifying its meaning. (*Medellin, supra,* 45 Cal.App.5th at pp. 530-531.)

party here suggested an injury less than moderate would suffice. (See *Medellin, supra,* 45 Cal.App.5th at pp. 531-532 [prosecutor vigorously argued more than minor injury sufficient].) Here, the lone argument putting the "minor or moderate harm" language in context was defense counsel's conclusion the injuries were more than minor but not more than moderate. That argument correctly identified that more than moderate harm was necessary to prove great bodily injury.

As defense counsel acknowledged, the injuries were not trivial. The testimony and photographs admitted in evidence depict serious injuries requiring medical treatment. The victim's eye was swollen shut for four days and "red for a month" thereafter. He also suffered long lasting injuries including a scar and an enduring pain in his neck. In sum, the evidence presented compelling evidence of great bodily injury.

Based on the entire record, including the evidence presented and each party's argument to the jury, " ' " 'the verdict actually rendered in this trial was surely unattributable to the error.' " ' " (*People v. Penunuri* (2018) 5 Cal.5th 126, 158.) Consequently, the error is harmless beyond a reasonable doubt and does not warrant reversal. I would affirm.

SNAUFFER, J.

3.